# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ELIZABETH REYNOLDS, : | |
| : | |
| Plaintiff, : | Case No. 3:22-cv-317 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | Magistrate Judge Caroline H. Gentry |
| ODM RESTAURANTS OPERATIONS, LLC, : | |
| : | |
| Defendant. : | |
| : | |

## ENTRY AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. NO. 14)

Presently before the Court is Plaintiff's Motion for Default Judgment ("Motion") (Doc. No. 14).  In Plaintiff Elizabeth Reynolds' ("Plaintiff") Motion she sets out her entitlement to default judgment in a cursory manner and, "requests permission from the Court to file declarations regarding damages in lieu of providing testimony." (*Id*. at PageID 40.)

The Court would be remiss if it did not address the procedural history of this case before turning to the "Motion" itself.  Plaintiff filed her Complaint (Doc. No. 1) on November 7, 2022. Defendant ODM Restaurant Operations, LLC ("Defendant") was served, but failed to file a response on its required date of June 5, 2023.  (*See* Doc. No. 6.)  On September 1, 2023, Magistrate Judge Caroline H. Gentry issued an order to show cause as to why Plaintiff had not filed a motion with the Clerk of Court for entry of default.  (Doc. No. 7.)  Plaintiff filed such a motion with the Clerk on September 13, 2023 (Doc. No. 8) and the Clerk entered default on September 14, 2023 (Doc. No. 9).  Over one year later, on September 25, 2024, Magistrate Judge Gentry issued a second show cause order as to Plaintiff's failure to file a motion for default judgment and ordered

1

Plaintiff to file a response by October 25, 2024. (Doc. No. 11.) Inexplicably, Plaintiff requested an extension of time stating, in part:

> 1. At the time the motion was filed, Plaintiff's counsel was traveling with limited access to emails.
> 2. Plaintiff's counsel returned October 19, 2024, but due to scheduling constraints, has not been able to gather all the required information from Plaintiff yet.

(Doc. No. 12 at PageID 34.) Putting aside the absurdity of the fact Plaintiff had a full year to file his motion for default, he was granted an extension. (Doc. No. 13.)

Now Plaintiff returns before the Court with a woefully scant Motion that simply bullet points the docket in this case. (Doc. No. 14 at PageID 39.) The Motion fails to address any of the finding the Court must make to enter a default judgment nor addresses the substance of Plaintiff's claims. A default judgment is not a mere formality of listing out the docket, but a requirement upon the Court to confirm the validity of Plaintiff's claims and their entitlement to judgment. *See 3M Co. v. Premium Contr. Sols., LLC*, No. 3:20-cv-443, 2022 U.S. Dist. LEXIS 45333, at *4-6, 2022 WL 787849 (S.D. Ohio Mar. 15, 2022); *Excell Marin Corp. v. Stagg Marine, Inc.*, No. 1:22-cv-655, 2024 U.S. Dist. LEXIS 79033, at *3-4, 2024 WL 1897660 (S.D. Ohio Apr. 30, 2024). While the Court need not reward the dilatory manner Plaintiff has pursued this matter, it will still give Plaintiff a final chance to bring this matter to an end.

Plaintiff shall file a motion for default with all accompanying evidence in support of its damages claim—such that the Court may determine the necessity of a hearing—on or before Monday, December 2, 2024.

2

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 13, 2024.

                                                          s/Thomas M. Rose

                                                _____
                                                        THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE