UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ELIZABETH REYNOLDS, : | |
| : | |
| Plaintiff, : | Case No. 3:22-cv-317 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | Magistrate Judge Caroline H. Gentry |
| ODM RESTAURANTS OPERATIONS, LLC, : | |
| : | |
| Defendant. : | |
| : | |

**ENTRY AND ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (DOC. NO. 16)**

Presently before the Court is Plaintiff's Renewed Motion for Default Judgment ("Motion") (Doc. No. 16). In her Motion, Plaintiff Elizabeth Reynolds' ("Plaintiff") moves this Court to enter default judgment and award her $80,000 in damages. (*Id*.)

Plaintiff filed her Complaint on November 7, 2022 alleging claims under the Americans with Disabilities Act ("ADA") and Title VII, 42 U.S.C. 2000e, *et seq*. (Doc. No. 1.) Defendant ODM Restaurant Operations, LLC ("Defendant") was served, but failed to file a response on its required date of June 5, 2023. (*See* Doc. No. 6.) On September 1, 2023, Magistrate Judge Caroline H. Gentry issued an order to show cause as to why Plaintiff had not filed a motion with the Clerk of Court for entry of default. (Doc. No. 7.) Plaintiff filed such a motion with the Clerk on September 13, 2023 (Doc. No. 8) and the Clerk entered default on September 14, 2023 (Doc. No. 9). Over one year later, on September 25, 2024, Magistrate Judge Gentry issued a second show cause order as to Plaintiff's failure to file a motion for default judgment and ordered Plaintiff to file a response by October 25, 2024. (Doc. No. 11.) Plaintiff filed her Motion for Default

1

Judgment on November 8, 2024. (Doc. No. 14.) The Court found Plaintiff's motion lacking in a number of respects, but, nonetheless, gave Plaintiff another opportunity to provide evidence in support of her damages claim. (Doc. No. 15 at PageID 43.) Specifically, the Court ordered Plaintiff to, "file a motion for default with all accompanying evidence in support of its damages claim…." (*Id*.)

Plaintiff filed the present Motion on November 26, 2024. (Doc. No. 16.) The Motion presently before the Court attaches a declaration from Plaintiff (Doc. No. 16-1), a declaration from counsel (Doc. No. 16-2), the agreement between Plaintiff and counsel for legal services (Doc. No. 16-3), and a docket notice of the filing of the Complaint (Doc. No. 16-4). These four documents contain only two sentences relating to Plaintiff's damages, both found in Plaintiff's declaration. First, Plaintiff alleges, "Since my discharge, I have suffered $35,000 of wage loss." (Doc. No. 16-1 at PageID 54.) Second, Plaintiff alleges, "I believe $45,000 would adequately compensate me for my emotional distress and allow me to continue my ongoing treatment plan." (*Id*. at PageID 55.)

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir.1995) (internal quotation marks omitted) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (en banc)); *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages"). "'The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiff fails to prove her damages in any meaningful respect in the Motion presently before the Court. Instead, she assumes that because the Defendant has failed to oppose this lawsuit, the Court is a rubber stamp for whatever damages award she desires. This is not so.

Plaintiff states that she has $35,000 in lost wages. (Doc. No. 16-1 at PageID 54.) Yet she has not attached a paystub to show the Court what she was earning before her discharge, she does not offer any explanation as to what time period this would cover, and she fails to explain how she arrived at that number based on any tangible source of proof. Similarly, Plaintiff states that, "$45,000 would adequately compensate me for my emotional distress and allow me to continue my ongoing treatment plan." (*Id*. at PageID 55.) While compensation for emotion distress is more difficult to quantify, her ongoing treatment plan would surely have some sources of evidence to support this figure. However, Plaintiff fails to attach any copays, insurance costs, medication costs, or any real metric by which this Court could justify an award of $45,000.

The complete failure to provide any documentation in support of her damages figure warrants denial of an award of damages in this case. *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 456-57 (6th Cir. 2011) (affirming district court's denial of damages on default judgment where the plaintiff, "failed to establish any plausible damages and claimed an enormous figure… unsupported by the documentation he provided…"). Indeed, despite Plaintiff's dilatory pursuit of a declaratory judgment in this matter, the Court gave Plaintiff a second attempt to prove her damages with the specific instruction to, "all accompanying evidence in support of its damages claim." (Doc. No. 16-1 at PageID 55.) The burden rests solely on Plaintiff to prove her damages and she has

3

failed to support her claim in any meaningful way. *See Antoine*, 66 F.3d at 110.

Plaintiff's counsel did undertake marginally more effort to ensure he was awarded his fee. He proposed that he should be awarded either 35% of the amount recovered or be awarded his hourly rate of $300 per hour for 32.7 hours of work plus costs. (Doc. No. 16 at PageID 50-51.) The Court will not award attorney's fees based on Plaintiff's counsel's calculation of his hourly rate. Again, Plaintiff simply attaches a declaration stating he worked 32.7 hours on this matter (Doc. No. 16-2 at PageID 58), but he does not attach any proof to support that number. Similarly, if the Court were to award 35% of the gross amount recovered, Plaintiff's counsel would be entitled to $0 because $0 have been recovered. Thus, even if the Court were to determine that attorney's fees were warranted under the ADA and Title VII, a decision within the district court's discretion under 42 U.S.C. § 2000e-5(k), the result would be the same.

The Clerk of Courts is direct to terminate this matter on the docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, March 6, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4